IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RAY ROBINSON, | § | |
| TDCJ-CID NO. 542457, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-4048 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Johnny Ray Robinson, proceeding pro se and in forma pauperis, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging the time credit calculations for his parole revocation that justify his continued detention. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 14), to which Robinson has responded. (Docket Entry No. 15). For the reasons stated below, the court will grant Thaler's motion and deny Robinson's petition for a writ of habeas corpus.

## I.   History and Claims

### A.   Factual History

Robinson plead guilty to robbing Herbert Dale House during the evening of December 29, 1988, and was sentenced by the 180th

District Court of Harris County, Texas, to twenty years in prison on March 16, 1990.[1]  Robinson was paroled to Harris County, Texas, by the Texas Board of Pardons and Parole on October 23, 2003.[2] Robinson's parole was revoked by the Texas Board of Pardons and Parole on May 1, 2007, for "failure to remain for home visit" and for "failure to report."[3]

### B.    Procedural History

Robinson filed a state application for writ of habeas corpus challenging, inter alia, the state's decision not to credit him for the time he was on parole.[4]  He based this challenge on several grounds, including the claim that the holding of Ex parte Hale, 117 S.W.3d 866, 872 (Tex. Crim. App. 2003), which precluded the crediting of parole time when the prisoner's release was erroneous, constituted an ex post facto law.[5]  The trial court found that the

---

[1]Guilty Plea, Ex parte Robinson, WR-16,389-10, at 129, contained in State Court Records, Docket Entry No. 11.

[2]Certificate of Parole, Ex parte Robinson, WR-16,389-10, at 82-83, contained in State Court Records, Docket Entry No. 11.

[3]Supplemental Affidavit of Christina Propes, Proclamation of Revocation and Warrant of Arrest, Ex parte Robinson, WR-16,389-10, Supplemental/Clerk Record, at 1-3, contained in State Court Records, Docket Entry No. 11.

[4]Application for a Writ of Habeas Corpus, Ex parte Robinson, WR-16,389-10, at 2, 7-10, contained in State Court Records, Docket Entry No. 11.

[5]Applicant's Memorandum of Law in Support of His Application for Writ of Habeas Corpus, Ex parte Robinson, WR-16,389-10, at 27-28, contained in State Court Records, Docket Entry No. 11.

applicant failed to demonstrate that he was improperly denied any time credits or denied due process and recommended that habeas relief be denied.[6]   The Court of Criminal Appeals adopted this recommendation and denied relief.[7]

## C.   Petitioner's Claims

Robinson has filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254 challenging the state's decision not to credit him for the time he was on parole.   (Docket Entry No. 1). Robinson claims this decision resulted in his unlawful confinement, in violation of both the Ex Post Facto Clause and the Due Process Clause.   Id.

In support of both claims, Robinson states:

> Petitioner is unlawfully confined as a result of a premature release, in which upon his return to TDCJ-CID custody[,] [t]he State denied him calendar time pursuant to a new 2003 judicially[-]constructed law.   This disadvantaged him by increasing his punishment more than under the law that was prescribed when he committed his crime in 1988.[8]

---

[6]State's Second Revised Proposed Findings of Fact, Conclusions of Law, and Order (adopted by the court), Ex parte Robinson, WR-16,389-10, Supplemental/Clerk Record, at 29-31, contained in State Court Records, Docket Entry No. 11.

[7]Application for 11.07 Writ of Habeas Corpus, Ex parte Robinson, WR-16,389-10, at cover, contained in State Court Records, Docket Entry No. 11.

[8]Petition for Writ of Habeas Corpus, Docket Entry No. 1, p. 7. Robinson recites this statement ad verbatim to provide supporting facts for both his Ex Post Facto claim and Due Process claim.

Based on a liberal interpretation of Robinson's claims, he appears to be arguing that his continued detention constitutes a deprivation of due process because his sentence would have been completed by this date had he been rightfully credited with the time he was on parole. Robinson's twenty-year sentence, which began on March 16, 1990, would have elapsed on March 16, 2010, had he served the entirety of his sentence in prison. However, Robinson did not serve the entirety of his sentence in prison; he was paroled for approximately 3 years and 7 months before his parole was revoked. Robinson claims that he is entitled to be credited for the time he was on parole. Although Robinson claims two grounds for relief in his petition, an Ex Post Facto claim and a Due Process claim, his petition is more accurately characterized as a Due Process claim.

Respondent Thaler filed a motion for summary judgment on February 9, 2010. (Docket Entry No. 14). Thaler argues that he is entitled to summary judgment because, inter alia, Ex parte Hale and Texas Gov't Code § 508.283(b) combine to preclude Respondent from being credited for his time while on parole.

## II.   Standard of Review

**A.   Summary Judgment**

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

-4-

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. See Anderson, 106 S. Ct. at 2511. If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

**B.   Presumptions Applied in Habeas Cases**

When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party. Anderson, 106 S. Ct. at 2513. However, the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") changed the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be

correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Similarly, a presumption of correctness applies to "those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." Williams v. Quarterman, 551 F.3d 352, 358 (5th Cir. 2008) (quoting Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001)). Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. Smith, 311 F.3d at 668.

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A decision is contrary to clearly established federal law if the state court arrives at a conclusion

opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519-20 (2000).  A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 1523.

### III. Analysis

**A.    Parole Time Credits**

Texas Gov't Code § 508.283(b) denies certain classes of inmates credit for time on parole if their parole is revoked.  That section states:

> (b)  If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE ANN. § 508.283(b) (Vernon's 2009).  Section 508.149(a) specifies which inmates are ineligible for mandatory supervision. Inmates who are convicted of robbery are ineligible under § 508.149(a)(11), "a second degree felony under Section 29.02, Penal Code." <u>Id.</u> at § 508.149(a)(11).  Section 29.02 of the Penal Code defines the robbery offense.  TEX. PENAL CODE ANN. § 29.02 (Vernon's 2009).  Since Robinson was convicted of robbery and his

-7-

parole was revoked, § 508.283(b) bars him from receiving credit for the time he was on parole.

Robinson claims that he is entitled to be credited for the time he was on parole because he was erroneously released on parole.  Under Ex parte Griffin, a prisoner who was erroneously released on parole is entitled to time credits for the period of time he was on parole.  Ex parte Griffin, 258 S.W.2d 324, 324-325 (Tex. Crim. App. 1953).  Robinson claims that he was erroneously released because the parole panel violated Texas Gov't Code § 508.141(e)(1), which states:  "A parole panel may release an inmate on parole only when arrangements have been made for the inmate's employment or for the inmate's maintenance and care."  TEX. GOV'T CODE ANN. § 508.141(e)(1).  Robinson contends that the parole panel failed to comply with this requirement, rendering his release erroneous.

Ex parte Griffin was expressly overruled by Ex parte Hale, 117 S.W.3d 866, 872 (Tex. Crim. App. 2003) ("During the years that have passed since our Griffin decision, constitutional and statutory law has changed so greatly that its reasoning simply fails to apply.  We overrule that outmoded case and other cases that have repeated its holding, and we disapprove the recitation of its reasoning as dicta in other cases.").  Ex parte Hale held that erroneously released inmates were no longer entitled to credit for the time spent on parole.  Id.

-8-

Robinson argues, however, that the holding in Ex parte Hale constitutes an ex post facto law as applied to him because he is serving a sentence for an offense committed in 1988, prior to the decision in Ex parte Hale in 2003.

In summary, Robinson argues that (1) the parole board violated TEX. GOV'T CODE § 508.141(e)(1), making his grant of parole erroneous, (2) under Ex parte Griffin, he is to be credited for time spent on parole because the parole was granted erroneously, (3) Ex parte Hale, which expressly overrules Ex parte Griffin, is inapplicable because it constitutes an ex post facto law as applied to him, and therefore (4) his continued custody constitutes a deprivation of due process because he has served the entirety of his twenty-year sentence.[9] Since Robinson's claim regarding parole time credits fails as a matter of law if Ex parte Hale applies, the dispositive question is whether Ex parte Hale is inapplicable as an ex post facto law.

**B.    Ex Post Facto Laws**

Article I, § 10, of the Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law."  U.S. CONST. Art. I, § 10.  To fall within the ex post facto prohibition, a law must be retrospective -- that is, "it must apply to events occurring before

---

[9]Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7; Docket Entry No. 3, Memorandum in Support re: Petition for Writ of Habeas Corpus.

its enactment" -- and it "must disadvantage the offender affected by it," <u>Weaver v. Graham</u>, 101 S. Ct. 960, 964 (1981), by altering the definition of criminal conduct or increasing the punishment for the crime.  However, "[t]he Ex Post Facto Clause, by its own terms, does not apply to courts.  Extending the Clause to courts through the rubric of due process thus would circumvent the clear constitutional text." <u>Rogers v. Tennessee</u>, 121 S. Ct. 1693, 1699 (2001).

## C.   Application of the Law to Robinson's Petition

Critical to Robinson's argument that he is entitled to parole time credit is his contention that <u>Ex parte Griffin</u>, and not <u>Ex parte Hale</u>, applies.  But "[t]he Ex Post Facto Clause, by its own terms, does not apply to courts." <u>Rogers</u>, 121 S. Ct. at 1699.  Because <u>Ex parte Hale</u> was a court decision, it cannot be held inapplicable as an <u>ex post facto</u> law.   Therefore, Robinson's argument fails as a matter of law.

Because <u>Ex parte Hale</u> cannot violate the Ex Post Facto Clause, Robinson is not entitled to time credits under <u>Ex parte Griffin</u> on the ground that his parole was erroneous.  Therefore, Texas Gov't Code § 508.283(b)(11) precludes Robinson from receiving credit for the time he was on parole because he had been incarcerated for robbery and his parole had been revoked.  Robinson's continued custody by the state therefore does not extend beyond the length of

-10-

his sentence, and the state court's conclusion that he failed to demonstrate he was denied due process was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as is required by 28 U.S.C. § 2254(d).

## D.   Conclusion

The court concludes that Robinson's continued detention does not violate the Due Process Clause, and that there is no genuine issue of material fact concerning these claims.   Therefore, respondent is entitled to summary judgment on these claims.

Because the court grants respondent's motion for summary judgment, the court denies Robinson's motions for appointment of counsel as moot.

### III.   Certificate of Appealability

The petitioner must obtain a certificate of appealability issued by either this court or a circuit court in order to appeal the judgment in this action.   28 U.S.C. § 2253(c)(1).   This certificate will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." Id. at (c)(2).   This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000)

-11-

(internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

Sanders has not made a showing that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  Therefore, the court will not issue a certificate of appealability.

### IV.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2. Robinson's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. Robinson's Motions for Appointment of Counsel (Docket Entry Nos. 7 and 12) are **DENIED** as moot.

4. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 3rd day of August, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-